# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY
# TRENTON DIVISION

| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with N.J.N. JBR 9004-2(c)** |
| Ronald Gellert (No. 019321997) |
| Gellert Scali Busenkell & Brown, LLC |
| 1201 North Orange Street |
| Suite 300 |
| Wilmington, DE 19801 |
| Phone: (302) 425-5800 |
| Fax: 302-425-5814 |
| Email: rgellert@gsbblaw.com |
| |
| *Counsel to Discover Bank* |

| | |
|---|---|
| In re: | Chapter 13 |
| Renee M. Luchtman, | Case no. 19-22614-MBK |
| Debtor. | |
| Discover Bank, | Adversary Case No. |
| Plaintiff, | |
| v. | |
| Renee M. Luchtman, | |
| Defendant. | |

### COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

Now comes Discover Bank, by and through its attorney, Ronald Gellert, Esq., of Gellert Scali Busenkell & Brown, LLC, and states as follows:

### Jurisdiction and Venue

1    Defendant Renee M. Luchtman is a debtor in the voluntary Chapter 13 bankruptcy petition filed in this Court on June 26, 2019.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 151, and 157.

3.  Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

4.  This matter is a Core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**Facts Common to all Counts**

5.  Plaintiff Discover Bank, issuer of the Discover credit card, offers revolving credit card accounts to individuals.

6.  Defendant is an individual consumer and the holder of a credit card account with Plaintiff, account number ending in -5332.

7.  Consumer customers agree to make monthly installment payments for purchases and cash advances plus pay applicable interest and fees under the credit card accounts.

8.  There is currently due and owing on Defendant's account the amount of $17,664.00.

9.  The Defendant incurred the following charges and Plaintiff financed said charges through the above-mentioned revolving credit card account between March 28, 2019 and June 26, 2019, before filing the bankruptcy petition. A summary of the transaction history is set forth below, and copies of the relevant account statements are attached hereto as **Exhibit "A".**

| Account Number | Date | Description | Amount |
| --- | --- | --- | --- |
| XXXX-XXXX-XXXX-5332 | 05-31 | PHONE PAYMENT - THANK YOU | -361.00 |
| XXXX-XXXX-XXXX-5332 | 04-15 | BALANCE TRANSFER CHECK 0972 USA | 17,500.00 |
| XXXX-XXXX-XXXX-5332 | 04-15 | BAL TRANS FEE | 525.00 |

10. On or about April 13, 2019, Defendant wrote a Discover balance transfer check to herself, in the amount of $17,500.00, and deposited the funds into an account in her name at PNC Bank.

2



**Count 1: Fraud, 11 U.S. Code § 523(a)(2)(A)**

11.     Plaintiff hereby incorporates and reasserts Paragraphs 1-10 as if fully stated herein.

12.     Pursuant to 11 U.S.C. § 523(a)(2)(A), money, property, services, or an extension, renewal, or refinancing of credit are nondischargeable to the extent that they are obtained by false pretenses, a false representation, or actual fraud.

13.     Defendant obtained money, property, and/or services through an extension of credit advanced by the Plaintiff on the open-ended credit agreement.

14.     Defendant knowingly sought and obtained financing from Plaintiff with no intention to

3

pay off the full balance of charges incurred.

15. Defendant incurred the charges in anticipation of filing this bankruptcy.

16. Defendant knew, or should have known, at the time of the transactions that she could not afford to repay Plaintiff, and in fact, could not afford to repay Plaintiff.

17. Defendant, as such, falsely represented ability and intent to repay Plaintiff, and Plaintiff reasonably relied upon such representations to its detriment.

18. The money, property, and/or services obtained by Defendant through the open-ended credit agreement and the credit advanced by the Plaintiff on the Account were obtained by Defendant's false representations, false pretenses, or actual fraud.

19. Plaintiff has been damaged by the Defendant's fraudulent conduct in the form of an unpaid balance due and owing on the account.

20. As such, Defendant's debt to Plaintiff is non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(A).

### Count 2: Presumption of Nondischargeability
### For Federal Tax Debt Payment
### 11 U.S. Code 523(a)(14)

21. Plaintiff hereby incorporates and reasserts Paragraphs 1-20 as if fully stated herein.

22. Pursuant to 11 U.S.C. 523(a)(14), debts incurred to pay a tax to the United States that would be nondischargeable under paragraph 523(a)(1) are likewise presumed to be nondischargeable.

23. Pursuant to 11 U.S.C. 523(a)(1), a tax debt owed to the United States is nondischargeable if the return was filed or given after the date on which such return, report, or notice was last due, under any applicable law or extension, and after two years before the date of the filing of the petition.

24. On September 4, 2019, Defendant filed a Certification Regarding Large Transactions in the underlying Chapter 13 case, number 19-22614, which stated that Defendant used the funds obtained from Discover Bank "for the purposes of paying towards the amount owed to the IRS for my 2018 Federal income Tax Return." (See, Doc. 21, Case No. 19-22614.)

25. On September 5, 2019, Defendant filed an Amended Certification Regarding Large Transactions, which stated that Defendant used the funds obtained from Discover Bank, along with additional funds from her savings account, "to pay towards the amounts owed to the IRS and State of New Jersey for my Federal and Local income tax." (See, Doc. 22, Case No. 19-22614.)

26. Neither Certification specifies the date on which the tax return was filed.

27. Upon information and belief, Defendant's payment to the IRS was for Federal taxes which were then past due at the time the return was filed, and would have been nondischargeable under 523(a)(1), but for the Defendant's use of Discover's funds to make such payment.

28. Accordingly, the Federal tax payment is nondischargeable pursuant to 11 U.S.C. 523(a)(14).

## Count 3: Money Judgment

29. Plaintiff hereby incorporates and reasserts Paragraph 1-28 as if fully stated herein.

30. The total of the charges presumed to be nondischargeable is $17,500.00.

31. Upon a finding that the debt is nondischargeable, Plaintiff is entitled to a money judgment.

**WHEREFORE**, Discover Bank prays for the entry of an order as follows:

i. For an order declaring that the debt owed to Plaintiff by Defendant as set forth in the Complaint is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); and

ii. For an order declaring that the debt owed to Plaintiff by Defendant as set forth in the Complaint is non-dischargeable pursuant to 11 U.S.C. § 523(a)(14); and

iii. For a judgment in favor of Plaintiff and against Defendant in the principal amount of $17,500.00; and

iv. For such other and further relief as this Court deems just.

Respectfully submitted:

Dated: September 24, 2019

GELLERT SCALI BUSENKELL & BROWN LLC

By:   /s/ *Ronald S. Gellert*
Ronald S. Gellert (NJ ID #019321997)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-425-5806
Facsimile: 302-425-5814
rgellert@gsbblaw.com

Counsel for Plaintiff